{¶ 32} I concur with the majority opinion and analysis. I write separately to address my concern arising from the appellant's second assigned error.
 {¶ 33} I agree with the majority that the verdict form in this case is distinguishable from the verdict form in Pelfrey. Nevertheless, I have grave concerns about the use of *Page 13 
verdict forms, like the one here, that fail to identify the name of the drug allegedly possessed until the "further finding." Such forms are at best vague and, at worse, misleading.
 {¶ 34} While it was not raised as an assigned error, there is at least an argument to be made that the trial judge here had to "interpret" the verdict form in order to render a final judgment of conviction. Verdict forms that do not allow for final and accurate findings by the jury may run afoul of the United States Supreme Court decision in Blakely v.Washington (2004), 542 U.S. 296.
 {¶ 35} Although we are all aware from the indictment that the crime charged was possession of crack cocaine, it is not evidence in the case.See Pelfrey, supra. Fortunately, the second page identified crack cocaine as the drug in the "further finding" specification. Nevertheless, I would caution trial judges that the use of such vague forms only invites error and claims that it is the judge and not the jury actually rendering the final factual finding, in violation ofBlakely. *Page 1